# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EDDIE LOPEZ and SANDY LOPEZ, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | No. 05 C 3645 |
| CLEAN HARBORS ENVIRONMENTAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS III THROUGH VIII OF PLAINTIFFS' AMENDED COMPLAINT

Defendant Clean Harbors Environmental Services, Inc. ("Clean Harbors"), by its undersigned attorneys, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, hereby moves this Court for entry of an Order granting judgment in its favor on Counts III through VIII of Plaintiffs' Amended Complaint, and in support hereof states as follows:

1. On December 13, 2007, Plaintiffs filed their Amended Complaint, which purports to state eight counts against Clean Harbors. Counts I, III, V, and VII are each brought on behalf of Plaintiff Eddie Lopez ("Lopez") for, respectively, Negligence, Strict Liability in Products, Material Misrepresentation, and Breach of Express Warranty. *See* Amended Complaint, a copy of which is appended hereto as Exhibit A. The remaining four counts, Counts II, IV, VI, and VIII are each brought on behalf of Plaintiff Sandy Lopez, Lopez's wife, for Loss of Consortium arising, respectively, from each of the claims brought on behalf of Lopez.

2. Because each of Counts III through VIII, as pleaded, establish that Plaintiffs are not entitled to the relief they seek, Clean Harbors is entitled to judgment on the pleadings on each of those counts.

3.      In Counts III and IV of the Amended Complaint, Plaintiffs allege that Clean Harbors is strictly liable for their injuries. To support a strict liability claim based on an abnormally dangerous activity, a plaintiff must plead, and come forward with proof, that the risk cannot be eliminated through due care.  If she does not, the strict liability claim fails as a matter of law.

4.      Here, Plaintiffs fail to plead any allegation that the risk of injury to the Plaintiffs could not have been avoided by the exercise of reasonable care.  Moreover, they do, in fact, plead that the risk could have been eliminated by the exercise of reasonable care.  Thus, Plaintiffs' pleading of Count III, and Count IV which is based on Count III, is fatally defective and judgment should be entered on Counts III and IV.  Both Counts III and IV fail as a matter of law.

5.      Count V of the Amended Complaint alleges that Clean Harbors is liable for its claimed "Material Misrepresentation" regarding the material contained in the roll-off dumpsters that Lopez transported from Clean Harbors's facility for his employer, Waste Management. Count VI alleges Loss of Consortium arising from that material misrepresentation.

6.      The defect in Count V, which renders Count VI defective as well, arises from Plaintiffs' pleading of justifiable reliance, an essential element of a claim for misrepresentation. In order to determine if a plaintiff's reliance was justifiable, it is necessary to consider all of the facts within a plaintiff's actual knowledge as well as those that he could have discovered by the exercise of ordinary prudence. A person may not enter into a transaction with his eyes closed to available information and then charge that he has been deceived by another. Thus, if there were ample opportunity to discover the truth, then reliance is not justified and the loss is considered the plaintiff's own responsibility.

7. The facts alleged in Count V plainly establish that Lopez possessed enough information regarding the nature of the material that he would be transporting to take precautions for his own safety. *See, e.g.,* Amended Complaint, Count V at ¶¶ 1-3. (See Exhibit A). With that information, he had ample opportunity to discovery the alleged truth, but did nothing. Instead, Lopez made the conscious choice not to "undertake the safety precautions regarding handling and personal protection equipment (PPE) that he would have otherwise used had he been aware of the harmful, and toxic nature of the cargo". *Id.* at ¶ 11. Accordingly, Plaintiff's pleading of Count V, and Count VI which is based on Count V, is fatally defective.

8. In Count VII of the Amended Complaint, Plaintiffs simply recast their failed claim for misrepresentation as a claim for breach of express warranty. The pleading of this claim and the loss of consortium claim stated in Count VIII, which depends on the allegations stated in Count VII, similarly fails.

9. Under Illinois law, an express warranty is a creature of contract. See, *Collins Company, Ltd. v. Carboline Company,* 125 Ill. 2d 498, 508 (1988). Count VII is devoid of any allegations of a contract of any nature between Lopez and Clean Harbors. Absent such allegations, there can be no Illinois state law claim for breach of express warranty. Accordingly, Counts VII and VIII fail.

10. For all of the above reasons, as well as those stated in Clean Harbors's Memorandum of Law in Support of the instant Motion (which is filed herewith), Clean Harbors is entitled to judgment on the pleadings in its favor and against Plaintiffs on Counts III through VIII of Plaintiffs' Amended Complaint.

WHEREFORE, Clean Harbors requests this Court to enter judgment on the pleadings in its favor and against Plaintiffs Eddie Lopez and Sandy Lopez on each of Counts III through VIII, and provide such other and further relief as the Court deems appropriate.

Dated:  August 1, 2008

Respectfully submitted,
Clean Harbors Environmental Services, Inc.

    s/ John F. Kennedy
One of Its Attorneys

John F. Kennedy
Cary Donham
Sherri Thornton-Pierce
Brett Nolan
SHEFSKY & FROELICH LTD.
111 East Wacker, Suite 2800
Chicago, Illinois  60601
Telephone:     (312) 527-4000
Facsimile:     (312) 527-4011
jkennedy@shefskylaw.com
ARDC#:  6196185

1091480_1